# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

CHRISTIAN ADORNO-SANCHEZ,

    Petitioner,

v().                                            Case No. 1:18-cv-01418

BARBARA RICKARD, Warden,
FCI McDowell,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition (ECF Nos. 1 and 2), as amended (ECF Nos. 12-15), and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction.

On April 4, 2014, Petitioner was charged in a multi-defendant, multi-count indictment in the United States District Court for the District of Puerto Rico. *United States v. Adorno-Sanchez*, No. 3:14-cr-00272-ADC-1, ECF No. 3. On August 15, 2014, Petitioner pled guilty, pursuant to a written plea agreement, to Count One of the

indictment charging him with conspiring to commit racketeering, in violation of 18 U.S.C. § 1962(d). *Id.*, ECF No. 257 at 1. His plea agreement contained an acknowledgement of his understanding of his rights and the voluntariness of his guilty plea, and a stipulation of facts which constituted the factual basis for his guilty plea. *Id.* at 9-13. The parties agreed to a sentencing range of 220-260 months of imprisonment. *Id.* at 4. Petitioner's plea agreement also contained a waiver of his appellate rights, provided that he was sentenced in accordance with the recommendation contained in the plea agreement. *Id.*

On December 16, 2014, Petitioner was sentenced to 210 months of imprisonment. A Judgment was entered that same date. *Id.*, ECF No. 567. Although Petitioner filed a direct appeal to the United States Court of Appeals for the First Circuit, the appeal was dismissed as untimely on November 29, 2017. *Id.*, ECF No. 756 (*United States v. Adorno-Sanchez*, No. 17-1871 (1st Cir. Nov. 29, 2017). His motion for reconsideration to file a notice of appeal was subsequently denied by the Puerto Rico District Court. *Id.*, ECF Nos. 761, 762.

**B.     Petitioner's other post-conviction filing.**

On November 30, 2018 (subsequent to filing the instant petition), Petitioner filed the same or a nearly identical petition in his court of conviction on the form used by this United States District Court for habeas corpus petitions under 28 U.S.C. § 2241. *Ardorno-Sanchez v. Rickard*, No. 3:18-cv-01918-WGY, ECF No. 1. It appears that the Puerto Rico District Court treated the petition, which asserted due process and ineffective assistance of counsel claims surrounding his guilty plea, and a supplement challenging the court's subject matter jurisdiction over his conviction, as a Motion to Vacate, Set

2

Aside, or Correct Sentence under 28 U.S.C. § 2255, determined that it was untimely filed, and dismissed it on June 13, 2019  *Id.*, ECF Nos. 3 and 4.

  **C.**  **The instant § 2241 petition.**

On November 8, 2018, Petitioner filed the instant § 2241 petition (ECF No. 1) and a Supplemental Memorandum (ECF No. 2) asserting due process and ineffective assistance of counsel claims surrounding his guilty plea.  On July 31, 2019, Petitioner filed an Amended Petition (ECF No. 12), which is identical to the initial petition, but attaches a copy of a Motion for Reconsideration that was styled to be filed in the Puerto Rico District Court, but does not appear to have been filed therein.  (*Id.*, Attach. 1).  That same day, Petitioner also filed copies of other Supplemental Memoranda that had been filed in his Puerto Rico District Court proceedings.  (ECF Nos. 13 and 14).  Then, on August 12, 2019, he filed duplicates of these same filings.  (ECF No. 15).

None of Petitioner's filings rely upon any change in substantive Supreme Court or First Circuit law occurring after his opportunity to file a timely direct appeal or first § 2255 motion.  Because it is apparent from the face of the petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required Respondent to respond to the petition.

## ANALYSIS

  **A.**  **Petitioner is not entitled to relief under section 2241.**

Petitioner's petition clearly challenges the validity of his conviction and sentence, and not the manner in which his sentence is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for

the District of Puerto Rico. Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, Petitioner has already unsuccessfully filed what was considered an untimely § 2255 motion in his court of conviction. Thus, he would likely be procedurally barred from filing another § 2255 motion without authorization from the United States Court of Appeals for the First Circuit under very limited criteria. *See* 28 U.S.C. 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id*. at 332.

Thus, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the

legality of Petitioner's detention in order that he may pursue such relief under § 2241. The United States Court of Appeals for the Fourth Circuit (which governs the procedural law to be applied by this court) has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit[1] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

Moreover, as noted above, the savings clause contained in § 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and will not permit review of Petitioner's claims, which essentially re-assert claims he made in his prior post-conviction proceedings or claims which should have been raised in those proceedings and are now procedurally barred.

Here, Petitioner is not relying on any retroactively applicable change in substantive law that makes him no longer guilty of his crimes of conviction, which occurred since the time in which he could have pursued a direct appeal or a timely § 2255 motion in his court of conviction,. Rather, Petitioner's claims are grounded in constitutional principles and authority that was available to him at the time of his conviction and sentencing. Thus, he cannot meet the criteria for review under the savings clause as set forth in *Jones*.

---

1 The Fourth Circuit has interpreted the phrase "this circuit" to mean the circuit in which the Petitioner was convicted which, in this case, is the First Circuit. *See Hahn v. Moseley,* 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and his claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his § 2241 petition.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1 and 2), as amended (ECF Nos. 12-15), and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

October 26, 2020

Dwane L. Tinsley
United States Magistrate Judge